CHAMPLIN, J., did not sit.

---

CHARLES PARENT, JOSEPH PARENT, SAMUEL PELTIER AND THOMAS PARENT v. WILLIAM G. BOSWELL, CATHARINE BOSWELL AND CHARLES H. SHOWARD.

*Injunction suit to prevent the closing of an alleged street.*

A majority of the court not being satisfied that the testimony in this case, which is very conflicting and quite uncertain in its character, supports the claim of complainants as to representations being made by defendants, Boswells, that the strip of land in controversy was to be platted as a street, the decree below dismissing complainants' bill is affirmed.

Appeal from Menominee. (Grant, J.)  Argued October 7, 1885.  Decided January 27, 1886.  Affirmed.

*W. H. Phillips* and *H. O. Fairchild,* for complainants.

*B. J. Brown,* for defendants.

MORSE, J.  This is a suit in equity to enjoin the defendants from obstructing and closing up an alleged street in Menominee, which the complainants claim the right to use as such—and to compel the defendants to remove therefrom certain obstructions which they have placed therein.

The complainants claim that they are entitled to the use of this street, by virtue of certain conveyances, and the representations of the defendants Boswells when the conveyances were made.

A reference to the following plat or diagram will be of aid in understanding the claim of complainants.

The evidence shows the complainant Charles Parent to be the owner in fee of lot E, block 15, as indicated upon said diagram by virtue of a deed from one La Chappelle to whom the Boswells conveyed the same July 15, 1869. Complainant Samuel Peltier owns lot F, which was sold and conveyed by the Boswells to Thomas Parent, February 1, 1869. Thomas Parent owns lot M, conveyed to him by the Boswells April 24, 1872, and Joseph Parent is the owner of lot N, deeded to him by the Boswells April 24, 1872. All these deeds contained full covenants of warranty. The strip of land, running from Dunlap street to Ogden avenue, and betweeen lots N and E on one side, and lots M and F on the other, is the street claimed by complainants.

Previous to the first conveyance, the land represented in the diagram was part of a forty-acre tract, of which the defendant Catharine Boswell was the owner in fee.

It is alleged on the part of the complainants that, when the purchases of these lots were made the defendants Boswells represented in each case that they had surveyed, laid out and platted this forty acres into lots, streets and alleys, and that

said plat would be thereafter recorded in the office of the register of deeds of the county of Menominee, and did then and there exhibit to Joseph and Thomas Parent, and to said Andrew La Chappelle, a plat or drawing purporting to be a plat of said block 15; and that the several lots were purchased because of such representations, and that said plat or drawing so exhibited to them showed said street of the width of 63 feet so surveyed, laid out, and platted as represented orally to them. They also allege that the same street was used and worked as a highway after said purchase up to May 10, 1873, at which time the Boswells recorded a plat with this alleged street not shown thereon, but dividing the space occupied by the same into two lots, marked upon said diagram as "4" and "5;" that the public authorities kept it in repair until then, and that afterwards it remained open to public travel until July 1, 1882, when the defendant Showard, at the instance and request of the Boswells, who still hold the title to this alleged street, and claiming under them, obstructed the same by placing and erecting buildings thereon, and occupying the same in violation of complainants' rights. They ask the court to decree this strip a street, and that the defendants be ordered to remove said obstructions, and perpetually enjoined from interfering or meddling with complainants' use of the same as a street or public highway. Complainants claim that the proofs support these allegations in their bill of complaint, and that they are legally and equitably entitled to the relief prayed.

The Boswells deny making the representations claimed; or that they, or either of them, before or at the time of the sale, exhibited to the purchasers, or either of them, any map, plat, or drawing whatever showing this strip of land marked as a street or highway; and deny that they have ever, by any action, recognized or acquiesced in the use of this street.

The first question arising, therefore, is as to this allegation of oral and written representations made at or before the time of the purchases of these lots. If not sustained by the proofs, it is the end of complainants' case.

We have carefully examined the evidence in the record.

We find it very conflicting, and quite uncertain in its character.

A majority of the court are not satisfied that the testimony supports the claim of complainants as to the representations being made by defendants Boswells that this strip of land was to be platted as a street.

As the bill of complaint was dismissed in the court below, it would serve no useful purpose to discuss the bearing of the evidence given by the various witnesses upon this point. Nor is it necessary to decide what would have been the legal or equitable standing of the parties, or the relief that could have been granted by the court, if any, had the averments contained in complainants' bill been sustained by the record.

The decree below must be affirmed, with costs of both courts.

The other Justices concurred.